IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SCOTT CARLTON FLECK, KIENDRA RAE FLECK, <br><br> Plaintiffs, <br><br> vs. <br><br> CITIMORTGAGE, INC., AND DOES 1-20, <br><br> Defendants. | CIVIL NO. 15-00167 JMS-BMK <br><br> ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

**ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

**I. INTRODUCTION**

On May 8, 2015, Plaintiffs Scott Carlton Fleck and Kiendra Rae Fleck ("Plaintiffs") filed this action asserting claims for declaratory relief, breach of the covenant of good faith and fair dealing, and violation of the "Hawaii Consumer Protection Act" against Defendant CitiMortgage, Inc. ("Defendant") Doc. No. 1, Compl. at 7-9. The Complaint arises from ongoing state court foreclosure proceedings on property located at 136 Hakui Loop, Lahaina, Hawaii ("Subject Property"), for which Defendant holds the mortgage as lender and

servicer, with Plaintiffs as borrowers. *Id.* at 3.[1]

Along with the Complaint, Plaintiffs filed an Ex Parte Application for Temporary Restraining Order and Preliminary Injunction ("Motion for TRO")[2] seeking to enjoin Defendant and its agents from pursuing a foreclosure and sale of the Subject Property. Doc. No. 2, Mot. at 1. Plaintiffs allege that an auction and foreclosure sale is currently set for May 11, 2015. Doc. No. 2-1, Pls.' Mem. at 2. The Motion for TRO asks this court, under Federal Rule of Civil Procedure 65(b), to enjoin Defendant without notice of this Motion for TRO because Plaintiffs will suffer irreparable harm if the sale is allowed to take place. *Id.* at 5.

In this regard, the Motion states (without any evidentiary support) that Plaintiffs and their counsel have attempted to contact Defendant "numerous times" to learn the status of their loan modification efforts, but Defendant[] failed to inform Plaintiffs of a decision on loan modification and "ha[s] also refused to

---

[1] The court's records reflect that Plaintiffs filed a prior action in this court seeking injunctive relief and damages against Defendant arising from foreclosure proceedings and efforts to obtain a loan modification on the same Subject Property, and apparently based on the same mortgage loan. *See Fleck v. CitiMortgage, Inc.*, Civ. No. 13-00683 DKW-KSC (D. Haw. Dec. 13, 2013). On September 26, 2014, summary judgment was granted in favor of CitiMortgage in that prior action. *See id.* at Doc. No. 44. It is unclear whether this action is barred by the prior action.

[2] Plaintiffs have titled their Motion as seeking *both* a TRO and a preliminary injunction, although this Order essentially addresses only a TRO as to the alleged May 11, 2015 foreclosure sale. Because Plaintiffs have provided no details as to exactly what events are planned for May 11, 2015, it is unclear whether further proceedings regarding a preliminary injunction will become moot if a sale occurs on May 11, 2015.

stop the foreclosure activity against the [Subject] Property." *Id.* at 6. And because Defendant refuses "to voluntarily stop the foreclosure actions" despite notification by telephone and email of Plaintiffs' intention to seek a temporary restraining order, Plaintiffs assert that "it is completely necessary that further notice to Defendant[] not be required." *Id.*

## II. <u>DISCUSSION</u>

Plaintiffs' Motion for TRO is deficient for several reasons. First, a court may issue a TRO without written or oral notice to the adverse party of the Motion only if the party requesting the relief provides an affidavit or verified complaint providing specific facts that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). In addition, the movant or his attorney must certify in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Circumstances justifying an Ex Parte TRO are "extremely limited" -- "courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

Plaintiffs have not met either of these requirements. They have no affidavit, no declaration, and no evidence. (Although the Motion refers to an

affidavit of Scott Carlton Fleck, Doc. No. 2-1, Mem. at 5, no such affidavit has been filed.)  Moreover, the Complaint is not verified by either of the Plaintiffs. And Plaintiffs' counsel has not certified in writing with a declaration or affidavit any "efforts made to give notice."  Plaintiffs have thus not met their burden to "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).

Further, to the extent Plaintiffs seek a preliminary injunction, a court may "issue a preliminary injunction only on notice to the adverse party."  Fed. R. Civ. P. 65(a)(1).  Absent such notice, the court cannot consider a motion for preliminary injunction.

Moreover, even considering only the arguments in their memorandum (without the necessary evidentiary support), Plaintiffs' Motion for TRO fails to establish why Plaintiffs are entitled to relief.  "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction."  *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002).  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008), explains that "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely

to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." So long as all four parts of the *Winter* test are applied, "a preliminary injunction [may] issue where the likelihood of success is such that 'serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor.'" *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (quoting *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003)). That is, before a TRO may be granted, *Winter* requires all four elements (likelihood of success, likelihood of irreparable harm, a favorable balance of equities, and demonstrating that an injunction is in the public interest) to be satisfied. *Winter*, 555 U.S. at 20.

Plaintiffs' Motion for TRO states in wholly conclusory fashion that "[b]ecause Plaintiffs' claims against Defendant[] are probable and reasonable, it is likely Plaintiffs will succeed on their claims." Doc. No. 2-1, Pls.' Mem. at 7. They base this vague conclusion on various allegations in the Complaint regarding on-going attempts to obtain a loan modification, contending that Defendant has failed to proceed with, or misrepresented the status, of a loan modification. They allege that Defendant's "stubborn pursuit of a foreclosure, even while a loan modification is pending, is a direct violation of the American Recovery and

5

Reinvestment Act of 2009, 12 U.S.C.A. § 5201 et. seq." Doc. No. 1, Compl. at 5.

Plaintiffs argue that they will suffer irreparable harm, but provide little reason other than that the suit involves "the sale of real property" and "any given piece of property is unique." Doc. No. 2-1, Pls.' Mem. at 5. They argue that "[i]t is a unique and beautiful property in Lahaina, Hawaii that literally could not be rebuilt elsewhere." *Id.* But there is no allegation that the Subject Property will be destroyed or modified, only that it will be sold.

They also argue that the balance of equities tips in their favor because "chaos will ensue" if the court allows the foreclosure sale to go through. *Id.* at 8. Their "lives [will be] turned upside down." *Id.* And, if successful in their suit, "[t]he sale would have to be unwound, and the buyers reimbursed and inconvenienced." *Id.* Neither of these reasons meets the standard necessary to enjoin the foreclosure proceedings. They are, at best, unfortunate consequences of many foreclosures.

Moreover, even a cursory review of the allegations in the Complaint indicates that it is not likely Plaintiffs will succeed on the merits. Plaintiffs' First Claim seeks relief based on "violations of the federal [Home Affordable Modification Program ('HAMP']." Doc. No. 1, Compl. at 7. But "there is no express or implied private right of action to sue lenders or loan servicers for

6

violation of HAMP." *Dias v. Fed. Nat'l Mortg. Ass'n*, 990 F. Supp. 2d 1042, 1050 (D. Haw. 2013) (quoting *Dodd v. Fed. Home Loan Mortg. Corp.*, 2011 WL 6370032, at *12 (E.D. Cal. Dec. 19, 2011) (collecting cases)); *see also, e.g.*, *Miller v. Chase Home Fin.*, 677 F.3d 1113, 1116 (11th Cir. 2012) (holding that no implied right of action exists for violation of HAMP and the Emergency Economic Stabilization Act of 2008, 12 U.S.C. § 5201(1) (referred to by Plaintiffs as the American Recovery and Reinvestment Act of 2009)).[3]

Plaintiffs' second claim (violation of the covenant of good faith and fair dealing), alleges a violation of the tort of "bad faith." *See Best Place v. Penn Am. Ins. Co.*, 82 Haw. 120, 128, 920 P.2d 334, 342 (1996) (adopting tort of bad faith for breach of implied covenant of good faith and fair dealing in an insurance contract). The tort of bad faith appears to be limited to cases in which the plaintiff is a party to an insurance contract -- it has not been recognized in Hawaii based upon a mortgage loan contract or the failure to modify one. *See Jou v. Nat'l Interstate Ins. Co. of Haw.*, 114 Haw. 122, 129, 157 P.3d 561, 568 (Haw. App. 2007) (explaining that "the Hawaii Supreme Court emphasized that the tort

---

[3] There is no evidence or allegation of a HAMP Trial Payment Plan ("TPP"), which might support a breach of contract cause of action. *See Corvello v. Wells Fargo Bank, N.A.*, 728 F.3d 878, 884 (9th Cir. 2013) ("Where, as here, borrowers allege . . . that they have fulfilled all of their obligations under the TPP, and the loan servicer has failed to offer a permanent modification, the borrowers have valid claims for breach of the TPP agreement.").

of bad faith, as adopted in *Best Place* . . . requires a contractual relationship between an insurer and an insured" (citations omitted)); *see also Kostka v. U.S. Bank Nat'l Ass'n*, 2011 WL 5325708, at *10 (D. Haw. Nov. 2, 2011) (dismissing claim for breach of the covenant of good faith alleging that "Defendants failed to deal with Plaintiffs in good faith by not negotiating a loan modification on fair and reasonable terms, leading Plaintiffs to believe that they would be allowed to modify the terms of their loan, and by still processing a foreclosure."). Additionally, the alleged breach of the duty of good faith in the loan modification process does not extend to pre-contractual dealings. *See Swartz v. City Mortg., Inc.*, 911 F. Supp. 2d 916, 943 (D. Haw. 2012) (granting summary judgment on claim of failure to act in good faith in the loan modification process, because "those are also pre-contract activities").

Finally, Count Three alleges violations of the "Hawaii Consumer Protection Act." But there is no such act in Hawaii law. The court is thus uncertain as to the basis of Count Three. And even if Plaintiffs intended to bring a claim under a statute such as the Hawaii Unfair and Deceptive Claims Practices Act, Haw. Rev. Stat. ch. 480, Plaintiffs have not met their burden to demonstrate a likelihood of success on the merits of such a claim.

## III.  **CONCLUSION**

For these reasons, the court DENIES Plaintiffs' Ex Parte Application for Temporary Restraining Order and Preliminary Injunction.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 8, 2015.



    /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Fleck et al. v. CitiMortgage, Inc.*, Civ. No. 15-00167 JMS-BMK; Order Denying Plaintiffs' Ex Parte Application for Temporary Restraining Order and Preliminary Injunction